UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON CAMPBELL,<br><br>    Plaintiff,<br><br>    v.<br><br>JUDGE PAUL DELUCCHI,<br><br>    Defendant. | Case No. 16-cv-05960 NC (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a state prisoner proceeding *pro se*, has filed a civil rights complaint, pursuant to 42 U.S.C. § 1983.[1] Plaintiff has been granted leave to proceed in forma pauperis in a separate order. For the reasons that follow, the court dismisses the complaint for failing to state a claim.

**BACKGROUND**

I. <u>Standard of Review</u>

A federal court must engage in a preliminary screening of any case in which a

---

[1] Petitioner has consented to magistrate judge jurisdiction. Dkt. No. 4.

Case No. 16-cv-01060 NC (PR)
ORDER OF DISMISSAL

1

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

II.  Plaintiff's Claims

Although Plaintiff's complaint states that he is complaining about the conditions of confinement, in fact, he is challenging his criminal judgment. He states that he meets the eligibility requirements of California's Proposition 47, and that he should not be confined based on a restitution order that is not related to his forgery convictions. He sues Superior Court Judge Paul Delucchi for denying Plaintiff's request for resentencing. Plaintiff's complaint fails to state a claim for relief.

First, Defendant is absolutely immune from suit. A state judge is absolutely immune from civil liability for damages for acts performed in his judicial capacity. *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under

Case No. 16-cv-01060 NC (PR)
ORDER OF DISMISSAL

2

42 U.S.C. § 1983). Judicial immunity is an immunity from suit for damages, not just from an ultimate assessment of damages. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

Second, "'[f]ederal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 561 U.S. 521, 525 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)). A claim that meets the statutory criteria of Section 1983 may be asserted unless it is within the core of habeas corpus because "its success would release the claimant from confinement or shorten its duration." *Thornton v. Brown*, 757 F.3d 834, 841 (9th Cir. 2014).

In Plaintiff's complaint, he alleges that he is under false imprisonment because the alleged improper conviction "has authorized the State to impose the custody confinement past the date of 2-8-16." Plaintiff is essentially arguing that success on his claim would shorten the duration of his confinement. Thus, his claim is within the core of habeas corpus and is not proper here.

For the above stated reasons, Plaintiff's complaint is DISMISSED with prejudice for failure to state a claim.

Case No. 16-cv-01060 NC (PR)
ORDER OF DISMISSAL

3

**CONCLUSION**

The complaint is DISMISSED with prejudice. The Clerk shall close the file, terminate all pending motions, and enter judgment.

IT IS SO ORDERED.

DATED:     November 30, 2016

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 16-cv-01060 NC (PR)
ORDER OF DISMISSAL

4